## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **SUNAE VILLAVASO and SUNAE VILLAVASO Individually** | **CIVIL ACTION** <br><br> **NO. 16-14932** |
| **VERSUS** | **SECTION "L" (3)** |
| **EDUCATION MANAGEMENT, INC. d/b/a BLUE CLIFF COLLEGE** | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF/RELATOR'S AMENDED AND SUPERSEDING COMPLAINT

Now into Court, through undersigned counsel, comes Defendant, Education Management, Inc., d/b/a Blue Cliff College ("Defendant"), who files this Answer and Affirmative and Other Defenses to Relator/Plaintiff Sunae Villavaso's Amended and Superseding Complaint, Rec. Doc. 32 (the "Complaint"), stating as follows:

### ANSWER

### PARTIES

### 1.

Defendant admits Relator/Plaintiff is an adult, but otherwise denies the remaining allegations in Paragraph 1 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

### 2.

Defendant admits the allegations in Paragraph 2 of the Complaint.

{N3877407.1}

## JURISDICTION AND VENUE

### 3.

Defendant admits that the federal claims asserted by Relator/Plaintiff give rise to federal question jurisdiction, but denies any liability to Relator/Plaintiff, denies Relator/Plaintiff suffered any damages due to Defendant's alleged actions, and denies the remaining allegations in Paragraph 3 of the Complaint.

### 4.

Defendant admits that venue is proper in this Court based on the allegations and claims asserted by Relator/Plaintiff in the Complaint, but denies any liability to Relator/Plaintiff, denies Relator/Plaintiff suffered any damages due to Defendant's alleged actions, and denies the remaining allegations in Paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

### 5.

Defendant admits Blue Cliff College is a for-profit career college owned and operated by Education Management, Inc., with eight campuses across Arkansas, Louisiana, and Mississippi, and otherwise denies the allegations in Paragraph 5 of the Complaint.

### 6.

Defendant admits that Blue Cliff College participates in Federal Financial Aid Programs, but otherwise denies the allegations in Paragraph 6 of the Complaint.

### 6A.

Defendant admits that Blue Cliff College participates in Federal Financial Aid Programs, but otherwise denies the allegations in Paragraph 6A of the Complaint.

7.

Defendant admits that Blue Cliff College participates in Federal Financial Aid Programs, including Pell Grants for qualified students, but otherwise denies the allegations in Paragraph 7 of the Complaint.

8.

Defendant admits that Blue Cliff College participates in Federal Financial Aid Programs and that some students obtain student grants, loans, or other financial aid resources, but otherwise denies the allegations in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations in Paragraph 10 of the Complaint.

10A.

Defendant admits that, in order to participate in student financial assistance programs authorized by Title IV of the Higher Education Act of 1965, as amended, it must enter into and have a current Program Participation Agreement with the Department of Education, which provides, among other terms and conditions, that Blue Cliff College understands and agrees that it is subject to and will comply with the program's statutes and implementing regulations, but otherwise denies the allegations in Paragraph 10A of the Complaint.

10B.

To the extent the allegations in Paragraph 10B constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 10B of the Complaint are denied.

11.

Defendant admits the allegations in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations in Paragraph 12 of the Complaint regarding Relator/Plaintiff's educational background for lack of sufficient information to justify a belief in the truth therein, and otherwise denies the allegations in Paragraph 12 of the Complaint.

## II.     JURISDICTION AND VENUE

13.

Defendant admits Relator/Plaintiff assumed the position of Director of Education at Blue Cliff College's Metairie campus on or around July 1, 2014, which was the plan when she was hired that she would be promoted into this role after Berta Jefferson, then Director of Education, trained her and moved into the Corporate Director of Education role, but otherwise denies the allegations in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations in Paragraph 14 of the Complaint.

15.

Defendant admits that in or around November 2014, it was made aware by federal authorities that a printing business in the area was discovered to have been creating fraudulent diplomas and that certain students defrauded Blue Cliff College and other colleges by using fraudulent diplomas to gain admission, but otherwise denies the allegations in Paragraph 15 of the Complaint.

16.

Defendant admits that federal authorities informed Blue Cliff College that a printing business in the area was discovered to have been creating fraudulent diplomas and that certain students defrauded Blue Cliff College and other colleges by using fraudulent diplomas to gain admission, but otherwise denies the allegations in Paragraph 16 of the Complaint.

17.

Defendant admits that Relator/Plaintiff's job responsibilities as Director of Education for the Metairie campus included reviewing, among other things, each applicant's proof of graduation before the execution of an Enrollment Agreement and to escalate any concerns about the validity of such documents, but otherwise denies the allegations in Paragraph 17 of the Complaint.

18.

Defendant admits Relator/Plaintiff raised concerns regarding the validity of certain diplomas to Joanitt Montano, as was Relator/Plaintiff's job responsibility, but otherwise denies the allegations in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations in Paragraph 19 of the Complaint.

20.

Defendant admits Relator/Plaintiff raised concerns regarding the validity of certain diplomas to Joanitt Montano, as was Relator/Plaintiff's job responsibility, but otherwise denies the allegations in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations in Paragraph 23 of the Complaint.

24.

Defendant admits that Relator/Plaintiff's job responsibilities as Director of Education for the Metairie campus included reviewing, among other things, each applicant's proof of graduation before the execution of an Enrollment Agreement and to escalate any concerns about the validity of such documents, but otherwise denies the allegations in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations in Paragraph 25 of the Complaint.

26.

Defendant admits Relator/Plaintiff made such allegations, that her allegations were investigated, and that there was no evidence to support her allegations, and otherwise denies the allegations in Paragraph 26 of the Complaint.

27.

Defendant denies the allegations in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations in Paragraph 29 of the Complaint.

30.

Defendant admits Relator/Plaintiff was terminated on September 4, 2015, but otherwise denies the allegations in Paragraph 30 of the Complaint.

31.

Defendant admits the allegations in Paragraph 31 of the Complaint.

32.

To the extent the allegations in Paragraph 32 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 32 of the Complaint are denied.

**CLAIMS ON BEHALF OF THE UNITED STATES**

33.

The answers to the preceding allegations in Paragraphs 1-32 of the Complaint are incorporated as if fully stated herein.

34.

To the extent the allegations in Paragraph 34 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 34 of the Complaint are denied.

35.

To the extent the allegations in Paragraph 35 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 35 of the Complaint are denied.

36.

Defendant denies the allegations in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations in Paragraph 41 of the Complaint.

41A.

Defendant denies the allegations in Paragraph 41A of the Complaint.

42.

Defendant denies the allegations in Paragraph 42 of the Complaint.

43.

To the extent the allegations in Paragraph 43 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 43 of the Complaint are denied.

43A.

Defendant denies the allegations in Paragraph 43A of the Complaint.

43B.

Defendant denies the allegations in Paragraph 43B of the Complaint.

44.

Defendant denies the allegations in Paragraph 44 of the Complaint.

**CLAIMS ON BEHALF OF SUNAE VILLAVASO INDIVIDUALLY**

45.

The answers to the preceding allegations in Paragraphs 1-44 of the Complaint are incorporated as if fully stated herein.

46.

Defendant denies Relator/Plaintiff was subjected to any retaliation, but otherwise admits the allegations in Paragraph 46 of the Complaint.

47.

To the extent the allegations in Paragraph 47 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 47 of the Complaint are denied.

47A.

Defendant denies the allegations in Paragraph 47A of the Complaint.

47B.

Defendant denies the allegations in Paragraph 47B of the Complaint.

47C.

Defendant denies the allegations in Paragraph 47C of the Complaint.

47D.

Defendant admits that any concerns about invalid proof of graduation documents were investigated and that Defendant strives to help as many students as possible, but otherwise denies the allegations in Paragraph 47D.

47E.

Defendant denies the allegations in Paragraph 47E of the Complaint.

47F.

Defendant denies the allegations in Paragraph 47F of the Complaint.

47G.

Defendant admits Relator/Plaintiff participated in a meeting with executive management, which is believed to have taken place on September 1, 2015, but otherwise denies the allegations in Paragraph 47G of the Complaint.

47H.

Defendant denies the allegations in Paragraph 47H of the Complaint.

47I.

Defendant denies the allegations in Paragraph 47I of the Complaint.

47J.

Defendant denies the allegations in Paragraph 47J of the Complaint.

47K.

Defendant denies the allegations in Paragraph 47K of the Complaint.

47L.

Defendant admits Relator/Plaintiff was terminated on September 4, 2015, but otherwise denies the allegations in Paragraph 47L of the Complaint.

48.

To the extent the allegations in Paragraph 48 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 48 of the Complaint are denied, except to admit that Relator/Plaintiff has filed a *qui tam* action.

49.

To the extent the allegations in Paragraph 49 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 49 of the Complaint are denied.

50.

To the extent the allegations in Paragraph 50 constitute a legal conclusion, no response is required. The remaining allegations in Paragraph 50 of the Complaint are denied.

## JURY DEMAND

51.

Defendant denies that Relator/Plaintiff is entitled to a jury trial on all issues raised in the Complaint and aver that Plaintiff's request for a jury is limited only to those issues as to which a jury is available as a matter of law.

## PRAYER FOR RELIEF

52.

Defendant denies any liability to Relator/Plaintiff or that Relator/Plaintiff is entitled to judgment as to the relief sought in the Prayer for Relief of the Complaint or elsewhere in the Complaint, and denies any express or implied allegations of fact in the request for relief.

And now, in further response to Relator/Plaintiff's Complaint, Defendant asserts the following affirmative and other defenses:

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Relator/Plaintiff's claims are barred by the doctrines of release, waiver, estoppel, ratification, acquiescence, laches, accord and satisfaction, and/or unclean hands.

{N3877407.1}

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Relator/Plaintiff failed to assert the necessary elements of a *prima facie* case of retaliation in violation of the False Claims Act.

## FOURTH DEFENSE

All employment actions taken by Defendant with respect to Relator/Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons, and Defendant acted at all times in good faith.

## FIFTH DEFENSE

Even if Relator/Plaintiff were able to prove that Defendant's actions were motivated, in part, by unlawful discriminatory or retaliatory intent (and she cannot), Relator/Plaintiff's claims fail because Defendant would have taken the same actions and made the same decisions irrespective of any alleged unlawful intent.

## SIXTH DEFENSE

Defendant is not liable to the extent that any of its employees or agents acted outside the course and scope of his or her employment/agency. To the extent that any of Defendant's employees or agents engaged in any conduct that violated federal or state law, which Defendant denies, such actions were outside the scope of his/her/its employment or agency, were contrary to the policies and directives of Defendant, and were not done in furtherance of Defendant's interests.

## SEVENTH DEFENSE

Relator/Plaintiff's claims and/or relief sought in the Complaint are barred, in whole or in part, because Defendant neither participated in, authorized, nor ratified the alleged wrongful acts.

**EIGHTH DEFENSE**

Relator/Plaintiff's claims and/or relief sought in the Complaint are barred, in whole or in part, because any alleged protected activity (which Defendant denies occurred) did not play any role in any employment decision(s) relating to Plaintiff.

**NINTH DEFENSE**

The doctrine of after-acquired evidence, and in particular Relator/Plaintiff's own improper conduct, bars or reduces her claims for relief.

**TENTH DEFENSE**

Relator/Plaintiff's claims for damages are limited by any applicable damages caps.

**ELEVENTH DEFENSE**

Relator/Plaintiff's claims for monetary relief and damages are barred or limited to the extent she has failed to properly mitigate any of her alleged damages.

**TWELFTH DEFENSE**

Defendant is entitled to a set off or offset against Relator/Plaintiff's alleged damages in the amount(s) that Relator/Plaintiff received or earned, or could have received or earned through reasonable efforts, subsequent to her termination from Defendant, and any amounts paid to Relator/Plaintiff by Defendant. Further, to the extent that Relator/Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any damages against Defendant must be barred.

**THIRTEENTH DEFENSE**

Relator/Plaintiff's punitive damages claims are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of punitive damages.

## FOURTEENTH DEFENSE

Assuming, arguendo, Relator/Plaintiff's allegations are sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be precluded by Defendant's good faith efforts to comply with all applicable federal and state laws.

## FIFTEENTH DEFENSE

Relator/Plaintiff has failed to plead fraud with the requisite degree of specificity and particularity as required by applicable statutory and/or common law.

## SIXTEENTH DEFENSE

Relator/Plaintiff has failed to plead with specificity any factual allegations to establish the requisite statutory elements, and Relator/Plaintiff has thereby failed to set forth adequate or ultimate facts necessary to show or establish entitlement to relief under the False Claims Act.

## SEVENTEENTH DEFENSE

Relator/Plaintiff's claims under the False Claims Act are barred because Defendant never knowingly presented a false or fraudulent claim for payment or approval or made a false certification, whether express or implied.

## EIGHTEENTH DEFENSE

Relator/Plaintiff's claims under the False Claims Act fail because Relator/Plaintiff did not have a reasonable good faith belief that Defendant engaged in conduct prohibited by the False Claims Act, and Defendant did not in fact engage in conduct prohibited by the False Claims Act.

## NINETEENTH DEFENSE

Relator/Plaintiff's claims under the False Claims Act fail because Relator/Plaintiff did not engage in any "lawful acts done in furtherance of an action under" the False Claims Act and/or

because Defendant had no knowledge that Relator/Plaintiff was investigating alleged fraud in an effort to bring, or to help the Government to bring, a False Claims Act suit.

## TWENTIETH DEFENSE

Relator/Plaintiff's claims may be barred, in whole or in part, by pertinent statutes of limitations.

## TWENTY-FIRST DEFENSE

Relator/Plaintiff's claims may be barred, in whole or in part, by the Statute of Frauds.

## TWENTY-SECOND DEFENSE

Relator/Plaintiff's claims may be barred, in whole or in part, by failure of a condition precedent or condition subsequent.

## TWENTY-THIRD DEFENSE

Relator/Plaintiff's claims may be barred, in whole or in part, as a result of acts and/or omissions of non-parties for whom Defendant is not responsible or liable.

## TWENTY-FOURTH DEFENSE

Relator/Plaintiff's claims may be barred, in whole or in part, as a result of Relator/Plaintiff's negligent, deceptive, and/or fraudulent conduct.

## TWENTY-FIFTH DEFENSE

Relator/Plaintiff's claims may be barred, in whole or in part, by failure to exhaust administrative remedies.

## TWENTY-SIXTH DEFENSE

Relator/Plaintiff is not entitled to equitable relief.

## TWENTY-SEVENTH DEFENSE

Relator/Plaintiff is not entitled to declaratory relief.

{N3877407.1}

## TWENTY-EIGHTH DEFENSE

Relator/Plaintiff is not entitled to attorneys' fees or costs.

## TWENTY-NINTH DEFENSE

Relator/Plaintiff is not entitled to a trial by jury on some or all of her claims.

## THIRTIETH DEFENSE

Relator/Plaintiff is not entitled to punitive, liquidated, exemplary and/or treble damages.

## THIRTY-FIRST DEFENSE

The imposition of punitive, liquidated, exemplary and/or treble damages would constitute an arbitrary or irrational deprivation of property and would be constitutionally impermissible.

## THIRTY-SECOND DEFENSE

Relator/Plaintiff's claims are barred, in whole or in part, as a result of the acts and/or omissions of Relator/Plaintiff and/or those for whom Relator/Plaintiff was responsible.

## THIRTY-THIRD DEFENSE

Relator/Plaintiff's claims are barred, in whole or in part, by her breach of the implied covenant of good faith and fair dealing.

## THIRTY-FOURTH DEFENSE

Relator/Plaintiff's claims were asserted, in whole or in part, in bad faith.

## THIRTY-FIFTH DEFENSE

Defendant is entitled to an off-set or other appropriate relief because Relator/Plaintiff used process for an ulterior or illegitimate purpose, resulting in damage to Defendant.

The above defenses are not stated separately as to each claim for relief or allegation. Nevertheless, the above defenses are applicable, where appropriate, to any and all of Relator/Plaintiff's claims for relief. In addition, Defendant, in asserting such defenses, does not

admit that the burden of proving the allegations or denials in the defenses is upon Defendant, but, to the contrary, assert that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations in many of the defenses is upon Relator/Plaintiff. Moreover, Defendant does not admit, in asserting any defense, any responsibility or liability of Defendant but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

WHEREFORE, Defendant prays that its Answer and Affirmative and Other Defenses to Plaintiff' First and Superseding Complaint be deemed good and sufficient and that, after due proceedings, there be judgment in their favor and against Plaintiff, thereby dismissing all claims asserted therein with prejudice, and that costs and attorneys' fees be assessed against Plaintiff, together with such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Christopher S. Mann
CHRISTOPHER S. MANN (#26397), T.A.
MINIA E. BREMENSTUL (#35676)
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100.
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
cmann@joneswalker.com
mbremenstul@joneswalker.com

AND

RYAN E. JOHNSON (#26352)
Jones Walker LLP
Four United Plaza
8555 United Plaza Blvd
Baton Rouge, LA 70809

{N3877407.1}

Telephone: (225) 248-2080
Facsimile: (225)248-3080)
rjohnson@joneswalker.com

*Counsel for Defendant*